

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*

*One Saint Andrew's Plaza*
*New York, New York 10007*

March 22, 2012

**VIA ELECTRONIC MAIL**

The Honorable J. Paul Oetken
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

Re:   United States v. Mikhail Zemlyansky, et al.
   S1 12 Cr. 171 (JPO)

Dear Judge Oetken:

   The Government writes in response to the letter submitted on March 21, 2012, by counsel for Vladislav Zarestkiy, a defendant in the above-referenced matter, seeking two modifications of bail. The defendant, who is on home detention with electronic monitoring as a condition of bail, requests approval from the Court to (1) leave the District for two nights to attend his daughter's dance competition and (2) to leave his home for six hours to attend another child's birthday party. As the defendant's letter noted, the Government objects to the first request as it entirely defeats the purpose of home detention, but the Government does not object to the second request. Pretrial Services objects to both requests.

   The first request to travel to Baltimore would require the defendant to spend two nights out of the District, out of his home, and without the constraints of electronic monitoring. The defendant attempts to couch this trip as a pre-planned trip, thereby obviating any flight risk, but of course the defendant was not charged with serious federal charges at the time he made these arrangements. The conditions of bail *are* the least restrictive conditions necessary to insure his presence in court, and the defendant is expected to abide by those conditions, as further implemented by the Pretrial Services Office. To allow him off of home detention with electronic monitoring for two nights for a child's dance competition would undermine the purpose of home detention and instead permit him to leave the District with no supervision for an extended period of time. The defendant is on home detention with electronic monitoring precisely because he is a risk of flight. Moreover, as Pretrial Services noted in the email excerpted by defense counsel, as well as an additional email to the Government and copied to defense counsel, social gatherings (such as this) are simply not permitted under Pretrial Services' home confinement policy.

The Honorable J. Paul Oetken
March 22, 2012
Page 2

        The Government does not object to the six-hour period out of the home for the defendant's daughter's birthday party, which does not raise the same sort of concerns as a two-night, weekend trip out of the District. However, as the defendant noted in his letter, Pretrial Services also objects to this modification because it is for a social gathering and therefore against the policy of the Pretrial Services Office.

        Respectfully submitted,

        PREET BHARARA
        United States Attorney

By:    /s/ Daniel S. Goldman
        Daniel S. Goldman
        Nicholas L. McQuaid
        Carolina A. Fornos
        Assistant United States Attorneys
        (212) 637-2289/1049/2740

cc by e-mail:  Henry Mazurek, Esq.
                Attorney for Defendant

                Dennis Khilkevich, Pretrial Services Office

*[Handwritten note:]* Defendant Zaretsky's bail modification request to attend a dance competition out of state is denied. It is inconsistent with the requirement of home detention. Defendant may attend his daughter's birthday party on April 7, 2012, with notification to Pretrial Services.

3/29/30

**SO ORDERED**

THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE